John Puryear, plaintiff in error, *vs.* The State of Georgia, defendant in error.

Where, on the trial of a party charged with violation of the section 4454 of the Code, the Judge charged the jury in effect that army repeaters, having taken the place of horseman's pistols, were to be regarded within the exceptions of the statute, while used by parties on horseback, and the jury found the defendant guilty, and a motion made for a new trial was overruled by the Court:

*Held*, That the charge of the Judge was as favorable to the prisoner as the construction of the law would warrant; horseman's pistols excepted in the Code having gone into disuse, and a pistol known as an army repeater having taken its place, if the latter was worn by parties on horseback in the same way as the former, we do not see but a fair interpretation of the law might bring it while so worn within the exception. But certainly not farther. And the evidence in this case show that it was worn upon the person concealed, it was not error in the Court to refuse a new trial.

'Concealed Weapons. Construction of Statutes. Before Judge Harvey. Walker Superior Court. August Term, 1870.

The necessary facts are in the opinion.

William H. Dabney, for plaintiff in error.

C. D. Forsyth, Solicitor General, by J. W. H. Underwood, for the State.

LOCHRANE, Chief Justice.

This case comes before the Court upon error assigned to the charge of the Court, under section 4454 of the Code. The prisoner was indicted for carrying a pistol concealed, and the defense set up was, the pistol he had was an " army repeater," and that this class of pistols had taken the place of " horseman's pistols," which were excepted by the Code. Upon the trial the Judge charged " the law against carrying concealed weapons, excepted horseman's pistols, when that law was enacted. Such army repeater may be a horseman's pistol, the carrying of which concealed is not in violation of the law : *provided,* it is so carried by a horseman, a person connected with some military organization, which usually goes mounted on horseback, or cavalry company ; but it is necessary that he should be such a horseman, in order to constitute an army repeater, carried by him, a horseman's pistol, in the meaning of that law, and to justify him in carrying it concealed. Proof of guilt is not confined to the day mentioned," etc., etc.

A motion made for a new trial was overruled by the Court, and we are called on to review the charge of the Judge. The case turns upon the section 4454 of the Code; for the proof shows that the prisoner did carry an army repeater concealed, and the language of the Code is, " any person having or carrying about his person, unless in an open manner and fully exposed to view, any pistol (except horseman's pistols,") etc., "shall be guilty," etc. This Act does not except anything from its operation but a " horseman's pistol." Army repeaters or navy repeaters are not excepted, and we think the Court gave a very liberal charge to the jury in favor of the prisoner, under the facts in this case. It is true, that it is the *weapon* which the law excepts, and not the fact of its being carried upon horseback. But while this is true, the fact of this class of weapons having taken the place of horseman's pistols, which were excepted, if the jury believed

Puryear *vs.* The State of Georgia.

that they were worn in the same way, and took the same place, and the horseman's pistol took its name from being worn in riding, and carried in holsters, we can see how the Judge could limit the application of the exception of the statute to them, while so worn and used, but no further. We concur in affirming the judgment of the Court refusing a new trial, for the evidence shows that this army repeater was worn upon the person concealed, and does not fall within the exceptions of the statute. We are indisposed to extend, by construction, the terms of the Code upon this subject. This pernicious practice has been the fruitful source of the most wicked and unwarranted crimes, and believing as we do in the policy of the law, we will throw no obstacle in the way of its thorough and proper enforcement. To detail the calamities that have flowed from the carrying concealed weapons, would disclose scenes of heart-rending agonies to innocent families, whose protector on the one side has been immured in a dungeon, and on the other carried, from dissipation, to a premature grave. The Legislature would wisely consider the propriety of presuming against parties violating this law, malice in all cases of homicide committed by them, and deny bail until the trial, except in cases provided for specially within the Act itself, or to take away the privileges of voting or holding office by such parties. Experience upon the Bench has demonstrated the evil of the practice, and the necessity of additional legislation, either this or a total repeal of the Act, so that all may stand on a common footing of self-defense. As the law operates, one person, obeying the law, is at the mercy of another violating it. I would prefer to see the superadded penalties for its violation, and new modes prescribed for its more general enforcement.

Judgment affirmed.